FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2013 OCT -7 PM 2:02

UNITED STATES OF AMERICA,

Plaintiff,

v.

CASE NO. 3:13-cv 1210-J-99MMH-TEM

REAL PROPERTY, INCLUDING ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO, LOCATED AT 246 MAIN STREET, DANSVILLE, LIVINGSTON COUNTY, NEW YORK;

REAL PROPERTY, INCLUDING ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO, LOCATED AT 26 HEALTH STREET, DANSVILLE, LIVINGSTON COUNTY, NEW YORK;

and

REAL PROPERTY, INCLUDING ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO, LOCATED AT SECTION 148 BLOCK 1 LOT 20.212, PARKER HILL ROAD, SPARTA, LIVINGSTON COUNTY, NEW YORK,

Defendants.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney, in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture action, brings this complaint *in rem* and alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* to forfeit to the United States, the following real properties:

a. real property, including all improvements thereon and appurtenances thereto, located at 246 Main Street, Dansville, Livingston County, New York (See Exhibit A, Attachment A);

b. real property, including all improvements thereon and appurtenances thereto, located at 26 Health Street, Dansville, Livingston County, New York (See Exhibit A, Attachment B); and

c. real property, including all improvements thereon and appurtenances thereto, located at Section 148 Block 1 Lot 20.212, Parker Hill Road, Sparta, Livingston County, New York (See Exhibit A, Attachment C),

(defendant real properties). This action is brought pursuant to 18 U.S.C. § 981(a)(1)(C), as property derived from proceeds traceable to the commission of a "specified unlawful activity," as that term is defined in 18 U.S.C. § 1956(c)(7)(A), which incorporates the violations listed in18 U.S.C. § 1961(1), specifically wire fraud in violation of 18 U.S.C. § 1343. Moreover, this action is brought pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957.

**JURISDICTION AND VENUE**

2. The Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the defendant real properties pursuant to:

a. 28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Middle District of Florida; and

b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida, pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANTS *IN REM*

5. The defendant real properties are described in paragraph 1 of this complaint.

6. As set forth in Supplemental Rule G(3)(a) and 18 U.S.C. § 985(b)(1) and (c)(1), the United States will:

a. post notice of this action and a copy of the Complaint on the defendant real properties;

b. serve notice of this action on the defendant real properties' owner(s), and any other person or entity who may claim an interest in the defendant real properties, along with a copy of this Complaint; and

c. file a lis pendens in the county records of the defendant real properties as to the status as defendants in this *in rem* action.

**BASIS FOR FORFEITURE**

7. The defendant real properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), because they constitute or were derived from proceeds traceable to an offense constituting specified unlawful activity, 18 U.S.C. § 1343 (wire fraud), as defined in 18 U.S.C. § 1956(c)(7), through incorporation of the violations listed in 18 U.S.C. § 1961(1).

8. In addition, the defendant real properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a monetary transaction in property derived from specified unlawful activity, wire fraud, of an amount greater than $10,000.00 in violation of 18 U.S.C. § 1957.

**FACTS**

10. The specific details of the facts and circumstances supporting the forfeiture of the defendant real properties are set forth in the Declaration of Special Agent J. Douglas Mathews, United States Federal Bureau of Investigation, which is attached hereto as Exhibit A and fully incorporated herein by reference.

**CONCLUSION**

9. As required by Supp'l Rule G(2)(f), the facts set forth in Exhibit A support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, they support a reasonable believe that the government will be able to show by a preponderance of the evidence that the defendant real properties were purchased with proceeds of wire fraud, in violation of 18 U.S.C. §

1343, and, therefore, are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). Additionally, they support a reasonable belief that the government will be able to show by a preponderance of the evidence that the defendant real properties were involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, and, therefore, are also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff, United States of America, requests that this Court initiate a process of forfeiture against the defendant real properties; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the defendant real properties be forfeited to the United States for disposition according to law; and that the United States have such other and further relief as this case may require.

Respectfully submitted,

A. LEE BENTLEY, III
Acting United States Attorney

By: Bonnie A. Glober

BONNIE A. GLOBER
Assistant United States Attorney
Florida Bar No. 0748307
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone: (904) 301-6300
Facsimile: (904) 301-6334
E-mail: bonnie.glober@usdoj.gov

**VERIFICATION**

I, J. Douglas Mathews, Special Agent, United States Federal Bureau of Investigation, declare under the penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture is based upon my personal knowledge and information and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed on October 7, 2013.

J. DOUGLAS MATHEWS
Special Agent
United States Federal Bureau of Investigation