UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.   Case No. 3:13-cv-1210-J-39PDB

REAL PROPERTY, INCLUDING ALL
IMPROVEMENTS THEREON AND
APPURTENANCES THERETO,
LOCATED AT 246 MAIN STREET,
DANSVILLE, LIVINGSTON COUNTY,
NEW YORK, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the parties' Joint Motion for Stay of Proceedings Pending Settlement Discussions (Doc. 59; Motion) filed October 26, 2015. In the Motion, the parties request that the Court enter an Order granting a two-month stay of the current proceedings thereby allowing the parties to pursue a possibly broader settlement. Motion ¶ 8. The parties claim to have reached a settlement for Defendant Scott Stern's attorneys' fees. Motion ¶ 6; (see also Docs. 56, 58 (granting the parties additional time for Mr. Stern to file an attorneys' fees petition)). At this juncture, the parties "are now engaged in broader settlement discussions concerning the Health Street Property" and plan to present a settlement to the Court, if they indeed reach such an accord. Motion ¶ 7.

    This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); Landis v. N. Am.

Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); see Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); Johnson v. Bd. of Regents of Univ. of Georgia, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

On June 4, 2015, the Court vacated the Case Management and Scheduling Order. (See Doc. 53 ¶ 2). On July 13, 2015, the Court terminated pending motions as moot and closed the case's file. (See Doc. 54). With the parties working toward settlement, as indicated by their settling Mr. Stern's attorneys' fees, a stay advances the logical progression of this dispute and promotes the interests of judicial and litigant economy.

Accordingly, after due consideration, it is hereby

**ORDERED:**

The parties' Joint Motion for Stay of Proceedings Pending Settlement Discussions (Doc. 59) is **GRANTED**. The parties shall file a joint notice regarding the status of their settlement on or before **January 5, 2016**.

**DONE** and **ORDERED** in Jacksonville, Florida this 27th day of October, 2015.

_____
BRIAN J. DAVIS
United States District Judge

ew
Copies furnished to:
Counsel of Record