UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REAL PROPERTY, INCLUDING ALL
IMPROVEMENTS THEREON AND
APPURTENANCES THERETO,
LOCATED AT 246 MAIN STREET,
DANSVILLE, LIVINGSTON COUNTY,
NEW YORK, et al.,

    Defendants.
_____/

Case No. 3:13-cv-1210-J-39PDB

## ORDER

**THIS CAUSE** is before the Court on the Government and Claimant Scott Stern's Second Joint Motion for Stay of Proceedings Pending Settlement Discussions (Doc. 61; Second Joint Motion) filed January 5, 2016. In the Second Joint Motion, the parties request an additional two-month stay of the proceedings and state that they "have not yet concluded discussions regarding the ultimate disposition of the Health Street property and whether part of the broader settlement will entail an agreement to release the property to the United States for forfeiture." Second Joint Motion ¶ 9.

On October 7, 2013, the Government filed its Verified Complaint for Forfeiture *In Rem*, in which the Government stated that, "[t]his is a civil action *in rem* to forfeit to the United States . . . real property, including improvements thereon and appurtenances thereto, located at 26 Health Street, Dansville, Livingston County, New York . . . ." (Doc. 1 at 2). On July 13, 2015, the Court dismissed with prejudice (Doc. 54; 07/13/15 Order) the Government's forfeiture claim against Defendant "Real Property, including all improvements thereon and appurtenances thereto, located at 26 Health Street,

Dansville, Livingston County, New York." 07/13/15 Order at 40. Also, the Court held that Claimant Scott Stern was an innocent owner whose interest in the Health Street Property "shall not be forfeited under any civil forfeiture statute." Id. at 39 (quoting 18 U.S.C. § 983(d)(1)). On October 27, 2015, the Court granted the Government and Claimant Scott Stern's joint motion for a two-month stay of the current proceedings, thus allowing the parties to pursue a broader settlement agreement concerning the Health Street Property. (See Doc. 60). Additionally, both parties agree that the Health Street Property has been removed from the scope of the Government's *in rem* civil forfeiture claims in this matter. (See Doc. 59 ¶¶ 4, 6-8).

At this juncture, given the Court's 07/13/15 Order, it appears unclear whether a matter remains for the Court to adjudicate, especially in regards to the Health Street Property and its supposed "ultimate disposition." Second Joint Motion ¶ 9.

Accordingly, after due consideration, it is hereby **ORDERED**:

1. The Second Joint Motion for Stay of Proceedings Pending Settlement Discussions (Doc. 61) remains **UNDER ADVISEMENT**.

2. On or before **Thursday, February 11, 2016**, the Government and Claimant Scott Stern must brief the Court in a response no longer than ten (10) pages describing the matters that remain for the Court to adjudicate in this case.

**DONE** and **ORDERED** in Jacksonville, Florida this 27th day of January, 2016.

BRIAN J. DAVIS
United States District Judge

ew
Copies furnished to:
Counsel of Record